

1   Robert M. Bodzin, State Bar No. 201327
    rbodzin@burnhambrown.com
2   BURNHAM BROWN
    A Professional Law Corporation
3   P.O. Box 119
    Oakland, California 94604
4   ---
    1901 Harrison Street, 14th Floor
5   Oakland, California  94612
    Telephone:    (510) 444-6800
6   Facsimile:     (510) 835-6666

7   Attorneys for Defendant
    SCIenergy, Inc.

8

9                    UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND DIVISION

11   RTJ, INC.,                                      No.

12              Plaintiff,                           [San Francisco County Superior Court Case
                                                     No. CGC-12-525060]
13   v.
                                                     **DEFENDANT SCIenergy, INC.'S
14   SCIenergy, Inc. and DOES 1-50, inclusive,       NOTICE OF REMOVAL OF ACTION
                                                     UNDER 28 U.S.C. SECTION 1441(b)
15              Defendants.                          (DIVERSITY)**

16                                                   Complaint filed:   October 10, 2012

17

18        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19        PLEASE TAKE NOTICE that defendant SCIenergy, INC. ("Defendant") by and through

20   its counsel, hereby removes the above-captioned action from the Superior Court of the State of

21   California, in and for the County of San Francisco, to the United States District Court for the

22   Northern District of California, San Francisco/Oakland Division, for the reasons described

23   below:

24        1.      SCIenergy, Inc. is the sole named defendant in a civil action pending against it in

25   the Superior Court of California for the County of San Francisco, entitled RTJ, Inc. v.

26   SCIenergy, Inc., case number CGC-12-525060.  Attached hereto as Exhibit A is a true and

27   correct copy of the summons and complaint from the state court action.

28        2.      Defendant was served with the complaint on October 29, 2012.  Defendant filed

                                                1
─────────────────────────────────────────────────────────────────
DEF. SCIenergy, INC.'S NOTICE OF REMOVAL                    Case No.

1  an answer on November 14, 2012.  A true and correct copy of the answer is attached hereto as

2  Exhibit B.

3       3.  The contract between the parties that is the subject of the within dispute is

4  attached to the complaint as Exhibit 1 and requires that any legal action or proceeding arising out

5  of the contract be filed exclusively within a state or federal court in the Northern District of

6  California.  See Exhibit A, Exhibit 1 at Section 9.5.

7       4.  In Plaintiff's complaint, it alleges damages of $84,450.74.  See Exhibit B.

8  Therefore, the matter is removable pursuant to 28 U.S.C. sections 1332 and 1446(b).

9                          **JURISDICTION**

10       5.  This is a civil action over which this Court has original jurisdiction under 28

11  U.S.C. section 1332.  This case may be removed to this Court by Defendant pursuant to the

12  provisions of 28 U.S.C. section 1441(b) in that it is a case that could have been commenced in

13  federal court based on complete diversity of citizenship of the parties.  Both at the time that this

14  action was commenced and at this time, Defendant is incorporated in Delaware and has its

15  principal places of business in Dallas, Texas.  As set forth more in the press release attached as

16  Exhibit C and the Declaration of Steve Gossett Jr., prior to May 2012, Defendant maintained

17  offices in Atlanta, Georgia, Dallas, Texas and San Francisco, California.  On May 17, 2012,

18  Defendant formally appointed Steve Gossett Jr., based in Dallas, Texas, as Chief Executive

19  Officer.  Mr. Gossett replaced former CEO Russ McMeekin, who was based in San Francisco,

20  California.  While Mr. McMeekin was CEO, SCIenergy's high level decisions were made by

21  Mr. McMeekin and his team in San Francisco.  Since Mr. Gossett took over as CEO on May 17,

22  2012, he and his team have made the high level decisions that direct, control and coordinate

23  SCIenergy.

24       6.  As set forth in the complaint, Plaintiff is a Nevada corporation which has its

25  principal place of business in Las Vegas, Nevada.

26       7.  "For purposes of removal . . . the citizenship of defendants sued under fictitious

27  names shall be disregarded."  28 U.S.C. § 1441(a). The phrase "principal place of business"

28  means the "nerve center" of the business—the place where a corporation's high level officers

DEF. SCIenergy, INC.'S NOTICE OF REMOVAL         Case No.

direct, control and coordinate its activities on a daily basis. See Hertz Corp. v. Friend, 130, Sup.

Ct. 1181, (2010).  Given that Plaintiff's nerve center is in Las Vegas, Nevada and Defendant's is

in Dallas, Texas, there exists the complete diversity necessary for Removal. As the $84,450.74

amount pled in the complaint in damages exceeds the amount in contrary threshold, this matter

should be removed to Federal Court.

## INTRADISTRICT ASSIGNMENT

8.      The state court action was filed in San Francisco County, which serves as the

basis for assignment to the San Francisco Golden Gate Avenue courthouse of the United States

District Court, Northern District of California.

## NOTICE TO PLAINTIFF AND STATE COURT

9.      Immediately following the filing of this notice of removal of action, written

notice of this filing will be served on plaintiff and will be filed with the Clerk of the Superior

Court for the County of San Francisco, in accordance with 28 U.S.C. section 1446(d).

## DEMAND FOR JURY TRIAL

Defendant SCIenergy, Inc. demands a jury trial of twelve jurors pursuant to F.R.C.P.

Rule 48.

WHEREFORE, the undersigned request that the action described above be removed in

its entirety to this Court for all further proceedings pursuant to 28 U.S.C. section 1441, et seq.


DATED:  November 14, 2012                BURNHAM BROWN

                                         ROBERT M. BODZIN
                                         Attorneys for Defendant
                                         SCIenergy, Inc.


4818-5283-6625, v. 1

DEF. SCIenergy, INC.'S NOTICE OF REMOVAL                        Case No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCIenergy, Inc. and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RTJ, Inc.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER<br>*(Número del Caso)* CGC 12-525060 |
|---|---|

Superior Court of California - County of San Francisco
400 McAllister Street   San Francisco, CA  94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Charles M. Standard - 152 N. Third Street, Suite 700   San Jose, CA  95112   (408) 796-9616

| DATE: OCT 1 0 2012 | CLERK OF THE COURT | Clerk, by DENNIS TOYAMA | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* SCIenergy, Inc. / Rick Patemostro officer

under: [X] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Charles M. Standard, SBN 160720
LAW OFFICE OF CHARLES M. STANDARD
152 N . Third Street, Suite 700
San Jose, California 95112
(408) 796-9616  Phone
(408) 286-0337  Facsimile
cms1law@sbcglobal.net

Attorneys for Plaintiff
RTJ, INC.

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

OCT 1 0 2012

CLERK OF THE COURT
BY: _____ DENNIS TOYAMA
                         Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR COUNTY OF San Francisco – UNLIMITED JURISDICATION

RTJ, INC.

                      Plaintiff,

v.

SCIenergy, Inc. and DOES 1-50, inclusive,

                    Defendants.

Case No.: CGC 12-525060

**COMPLAINT FOR BREACH OF CONTRACT**

Comes now Plaintiff, RTJ INC. to allege as follows:

1.    Defendant, SCIenergy, Inc. ("SCIenergy") is, and at all times herein mentioned was, a Corporation, duly organized and existing under the laws of the State of Delaware, with its principal place of business at 2 Bryant Street, Suite 210 in San Francisco, California.

2.    Plaintiff, RTJ, INC. is, and at all times herein mentioned was, a Corporation, duly organized and existing under the laws of the State of Nevada.

3.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

4.    Plaintiff is informed and believes and herein alleges that said defendants, and each of them, are responsible in some manner for plaintiff's damages as herein alleged.

Complaint for Damages                1

5.      Plaintiff is informed and believes and herein alleges, and based upon such information and belief alleges that each defendant sued herein, including Does 1 through 50, inclusive, at all relevant times was acting as the agent of the other defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

### BY RTJ, INC.

### AGAINST SCIENERGY, INC. AND DOES 1 THROUGH 50, INCLUSIVE

6.      Plaintiff reallages and incorporates paragraphs 1 through 5 above, as though fully set forth herein.

7.      On or about March 3, 2012, in San Francisco, California, plaintiff and defendant, SCIenergy, entered into a written agreement wherein plaintiff agreed to perform marketing services on behalf of SCIenergy.  A copy of this agreement is attached hereto as Exhibit "1".

8.      Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contract.

9.      On or about May, June and July of 2012, plaintiff requested that SCIenergy perform its obligations under the contract by paying the invoices submitted by plaintiff.

10.     On or about May, June and July of 2012, defendant breached the contract by failing to pay the invoices issued by plaintiff.  In total, plaintiff submitted the following invoices to defendant.

| | | | |
|---|---|---|---|
| a. | May of 2012 | # SCIMay12 | $ 29,355.00 |
| b. | May of 2012 | # SCIExp12 | $  1,977.94 |
| c. | June of 2012 | # SCIJune12 | $ 35,375.90 |
| d. | July of 2012 | # SCIJuly12 | $ 17,741.90 |
| | Total: | | $ 84,450.74 |

11.     As a result of SCIenergy's breach of contract, plaintiff has been unable to pay its vendors, causing plaintiff to incur late fees and interest expenses, in an amount to be determined during the trial in this matter.

1    12.    The contract between the parties contained an attorney's fees clause in the event

2    litigation occurred between the parties to the contract referenced above.

3    13.    As a result of the breach on the part of SCIenergy, it has become necessary for

4    plaintiff to engage an attorney for purposes of securing SCIenergy's performance under the

5    contract. In engaging its attorney, plaintiff has incurred attorney's fees in an amount to be

6    determined during the trial of this matter.

7                              **SECOND CAUSE OF ACTION**

8            **COMMON COUNTS – WORK, LABORT, SERVICES PROVIDED**

9                                    **BY RTJ, INC.**

10    **AGAINST SCIENERGY, INC. AND DOES 1 THROUGH 50, INCLUSIVE**

11    14.    Plaintiff reallages and incorporates paragraphs 1 through 13 above, as though

12    fully set forth herein.

13    15.    Within the last two years, on or about March 3, 2012, at San Francisco,

14    California, plaintiff performed services for SCIenergy at the request of SCIenergy.  SCIenergy

15    knew that these services were being provided and promised to pay their reasonable value.

16    16.    On or about May, June and July of 2012, plaintiff requested that SCIenergy

17    perform its obligations under the contract by paying the invoices submitted by plaintiff which

18    totaled the reasonable value of the services provided by plaintiff.

19    17.    The fair and reasonable value of the services provided to SCIenergy is at least

20    $ 84,450.74.

21    18.    No payment has been made by SCIenergy to plaintiff, and there is now owing the

22    sum of at least $ 84,450.74, leaving a balance of $ 84,450.74.

23    19.    SCIenergy has failed and refused and continues to fail and refuse to pay to

24    plaintiff the reasonable and customary value of the services provided to SCIenergy by plaintiff.

25    WHEREFORE, plaintiff prays judgment against defendants, as follows.

26                          **ON THE FIRST CAUSE OF ACTION:**

27    1.    For compensatory damages in the sum of $ 84,450.74;

28    2.    For consequential damages in an amount to be determined during the trial of this

matter;

3.   For interest on this sum at the legal rate;

4.   For attorney's fees incurred by plaintiff for purposes of enforcing its rights under the contract it signed with SCIenergy, in an amount to be determined during the trial of this matter;

**ON THE SECOND CAUSE OF ACTION:**

1.   For compensatory damages according to proof at trial;

2.   For interest on this sum at the legal rate;

**ON ALL CAUSES OF ACTION:**

1.   For costs of suit herein;

2.   For such other and further relief as the Court may deem proper.

Date:  October 5, 2012

LAW OFFICE OF CHARLES M. STANDARD

By: _____
     Charles M. Standard
     Attorney for Plaintiff, RTJ, INC.

EXHIBIT "1"

 SCIenergy®

## CONSULTING AGREEMENT

This Consulting Agreement ("*Agreement*") is made as of   March 3, 2012 ("*Effective Date*"), by and between SCIenergy, Inc., its principal place of business at 2 Bryant Street, Suite 210, San Francisco, CA 94105 ("*Company*"), and RTJ, Inc., doing business as RTJ Consultants, its principal place of business at 1930 Village Center Circle, Las Vegas, NV 89134 ("*Consultant*").

Company desires to have Consultant perform consulting services for Company and Consultant desires to perform such services for Company, subject to and in accordance with the terms and conditions of this Agreement.

NOW, THEREFORE, the parties agree as follows:

1.      **SERVICES.**

1.1      Performance of Services.   Consultant will perform the consulting services ("*Services*") described in one or more statements of work to be attached as <u>Exhibit A</u> to this Agreement (each, a "*Statement of Work*") in accordance with the terms and conditions of this Agreement and the Statement of Work.

1.2      Payment.   Company will pay Consultant fees in accordance with the terms set forth in the Statement of Work.   If the Statement of Work requires Consultant to complete certain milestones, Company's payment obligation will be expressly subject to Consultant's completion of such milestones to Company's reasonable satisfaction.   Unless otherwise specified in the Statement of Work, Company will not reimburse Consultant for any expenses incurred by Consultant in connection with performing Services.   Subject to the foregoing, Company will pay each invoice submitted by Consultant within (15) days following receipt thereof.   Consultant will submit all invoices and supporting documentation   to   accounting@scienergy,   with   a   copy   to   Dave   Weinerth (Dave.Weinerth@scienergy.com).

2.      **RELATIONSHIP OF PARTIES.**

2.1      Independent Contractor.   Consultant is an independent contractor and is not an agent or employee of, and has no authority to bind, Company by contract or otherwise.   Consultant will perform the Services under the general direction of Company, but Consultant will determine, in Consultant's sole discretion, the manner and means by which the Services are accomplished, subject to the requirement that Consultant will at all times comply with applicable law.   Company has no right or authority to control the manner or means by which the Services are accomplished.

2.2      Employment Taxes and Benefits.   Consultant will report as income all compensation received by Consultant pursuant to this Agreement.   Consultant will indemnify Company and hold it harmless from and against all claims, damages, losses, costs and expenses, including reasonable fees and expenses of attorneys and other professionals, relating to any obligation imposed by law on Company to pay any withholding taxes, social security, unemployment or disability insurance, or similar items in connection with compensation received by Consultant pursuant to this Agreement. Consultant will not be entitled to participate in any plans, arrangements, or distributions by Company pertaining to any bonus, stock option, profit sharing, insurance or similar benefits for Company's employees.

3.   **OWNERSHIP AND INTELLECTUAL PROPERTY RIGHTS.**

3.1   <u>Definition of Innovations</u>.   Consultant agrees to disclose in writing to Company all inventions, products, designs, drawings, notes, documents, information, improvements, works of authorship, processes, techniques, know-how, algorithms, technical and business plans, specifications, hardware, circuits, computer languages, computer programs, databases, user interfaces, encoding techniques, and other materials or innovations of any kind that Consultant may make, conceive, develop or reduce to practice, alone or jointly with others, in connection with performing Services or that result from or that are related to such Services, whether or not they are eligible for patent, copyright, mask work, trade secret, trademark or other legal protection (collectively, "***Innovations***").

3.2   <u>Ownership of Innovations</u>.   Consultant and Company agree that, to the fullest extent legally possible, all Innovations will be works made for hire owned exclusively by Company. Consultant agrees that, regardless of whether the Innovations are legally works made for hire, all Innovations will be the sole and exclusive property of Company.   Consultant hereby irrevocably transfers and assigns to Company, and agrees to irrevocably transfer and assign to Company, all right, title and interest in and to the Innovations, including all worldwide patent rights (including patent applications and disclosures), copyright rights, mask work rights, trade secret rights, know-how, and any and all other intellectual property or proprietary rights (collectively, "***Intellectual Property Rights***") therein.   At Company's request and expense, during and after the term of this Agreement, Consultant will assist and cooperate with Company in all respects (and will cause Consultant's employees to assist and cooperate with Company in all respects), and will execute documents (and will cause Consultant's employees to execute documents), and will take such further acts reasonably requested by Company to enable Company to acquire, transfer, maintain, perfect and enforce its Intellectual Property Rights and other legal protections for the Innovations.   Consultant hereby appoints the officers of Company as Consultant's attorney-in-fact to execute documents on behalf of Consultant for this limited purpose.

3.3   <u>Moral Rights</u>.   Consultant also hereby irrevocably transfers and assigns to Company, and agrees to irrevocably transfer and assign to Company, and waives and agrees never to assert, any and all Moral Rights (as defined below) that Consultant or Consultant's employees may have in or with respect to any Innovation, during and after the term of this Agreement.   "***Moral Rights***" mean any rights to claim authorship of any Innovation, to object to or prevent the modification or destruction of any Innovation, to withdraw from circulation or control the publication or distribution of any Innovation, and any similar right, existing under judicial or statutory law of any country in the world, or under any treaty, regardless of whether or not such right is called or generally referred to as a "moral right."

3.4   <u>Related Rights</u>.   To the extent that Consultant owns or controls (presently or in the future) any patent rights, copyright rights, mask work rights, trade secret rights, or any other intellectual property or proprietary rights that block or interfere with the rights assigned to Company under this Agreement (collectively, "***Related Rights***"), Consultant hereby grants or will cause to be granted to Company a non-exclusive, royalty-free, irrevocable, perpetual, transferable, worldwide license (with the right to sublicense) to make, have made, use, offer to sell, sell, import, copy, modify, create derivative works based upon, distribute, sublicense, display, perform and transmit any products, software, hardware, methods or materials of any kind that are covered by such Related Rights, to the extent necessary to enable Company to exercise all of the rights assigned to Company under this Agreement.

4.     **CONFIDENTIAL INFORMATION.**   For purposes of this Agreement, "*Confidential Information*" means and will include: (i) any information, materials or knowledge regarding Company and its business, financial condition, products, programming techniques, customers, suppliers, technology or research and development that is disclosed to Consultant or to which Consultant has access in connection with performing Services; (ii) the Innovations; and (iii) the existence and terms and conditions of this Agreement.   Confidential Information will not include, however, any information that is or becomes part of the public domain through no fault of Consultant or that Company regularly gives to third parties without restrictions on use or disclosure.   Consultant agrees to hold all Confidential Information in strict confidence, not to use it in any way, commercially or otherwise, except in performing the Services, and not to disclose it to other than to Consultant's employees with a bona fide need to know and who have executed a written agreement that includes use and nondisclosure restrictions at least as protective of the Confidential Information as those set forth herein.   Consultant further agrees to take all action reasonably necessary to protect the confidentiality of all Confidential Information including, without limitation, implementing and enforcing procedures to minimize the possibility of unauthorized use or disclosure of Confidential Information.

5.     **WARRANTIES.**   During the term of this Agreement, Consultant will not, directly or indirectly, in any individual or representative capacity, engage or participate in or provide services to any business that is competitive with the types and kinds of business being conducted by Company.

6.     **INDEMNIFICATION.**   Consultant will indemnify and hold harmless Company from and against all claims, damages, losses and expenses, including court costs and reasonable attorneys' fees, arising out of or resulting from, and, at Company's option, Consultant will defend Company against:

    (i)     Any action by a third party against Company that is based on a claim that any Services, the results of any Services (including any Innovations), or Company's use thereof, infringe, misappropriate or violate a third party's Intellectual Property Rights; and

    (ii)     any action by a third party against Company that is based on any negligent act or omission or willful conduct of Consultant or its employees and that results in: (a) bodily injury, sickness, disease or death; (b) injury or destruction to tangible or intangible property (including computer programs and data) or any loss of use resulting therefrom; or (c) the violation of any statute, ordinance, or regulation.

7.     **TERM AND TERMINATION.**

    7.1     <u>Term</u>.   This Agreement and the Statement of Work will commence on the Effective Date and, unless terminated earlier in accordance with the terms of this Agreement, will remain in force and effect until December 31, 2012   ("*Expiration Date*"); provided, however, that as of the Expiration Date this Agreement will continue on a month-to-month basis until terminated as set forth in this Agreement.

    7.2     <u>Termination for Breach</u>.   Either party may terminate this Agreement (including the Statement of Work) if the other party breaches any material term of this Agreement and fails to cure such breach within ten (10) days following written notice thereof from the non-breaching party.

    7.3     <u>Termination for Convenience</u>.   Company or Consultant may immediately terminate this Agreement, for any reason or no reason, upon sixty (60) days written notice to Consultant or Company, respectively; provided, however, that after the Expiration Date, Company or Consultant may immediately terminate this Agreement, for any reason or no reason, upon thirty (30) days written notice.

7.4     Effect of Termination.

(a)     Upon the expiration or any termination of this Agreement for any reason, Consultant will promptly deliver to Company all Innovations, including all work in progress on any Innovations and all versions and portions thereof.

(b)     Upon the expiration or any termination of this Agreement all obligations of the Company under this Agreement and any Statement of Work shall terminate in full; provided, however, Company will, within five (5) business days after any such expiration or termination, pay Consultant all undisputed amounts owed to Consultant hereunder; provided further, that in the event this Agreement is not terminated on the last day of a month, any undisputed monthly retainer amount owed to Consultant will be prorated on a daily basis to compensate Consultant for the number of days worked in that partial month.

(c)     Upon the expiration or termination of this Agreement for any reason, Consultant will promptly notify Company of all Confidential Information in Consultant's possession or control and will promptly destroy or deliver all such Confidential Information to Company, at Consultant's expense and in accordance with Company's instructions.

7.5     Survival.  The provisions of Sections 2.2, 3, 4, 6, 7.4, 7.5, 8 and 9 will survive the expiration or termination of this Agreement.

8.      **LIMITATION OF LIABILITY.**  IN NO EVENT WILL COMPANY BE LIABLE FOR ANY SPECIAL, INCIDENTAL, PUNITIVE OR CONSEQUENTIAL DAMAGES OF ANY KIND IN CONNECTION WITH THIS AGREEMENT, EVEN IF COMPANY HAS BEEN INFORMED IN ADVANCE OF THE POSSIBILITY OF SUCH DAMAGES.

9.      **GENERAL.**

9.1     No Election of Remedies.  Except as expressly set forth in this Agreement, the exercise by Company of any of its remedies under this Agreement will be without prejudice to its other remedies under this Agreement or available at law or in equity.

9.2     Assignment.  Consultant may not assign or transfer any of Consultant's rights or delegate any of Consultant's obligations under this Agreement, in whole or in part, without Company's express prior written consent.  Any attempted assignment, transfer or delegation, without such consent, will be void.   Subject to the foregoing, this Agreement will be binding upon and will inure to the benefit of the parties permitted successors and assigns.

9.3     Equitable Remedies.  Because the Services are personal and unique and because Consultant will have access to Confidential Information of Company, Company will have the right to enforce this Agreement and any of its provisions by injunction, specific performance or other equitable relief, without having to post a bond or other consideration, in addition to all other remedies that Company may have for a breach of this Agreement.

9.4     Attorneys' Fees.  If any action is necessary to enforce the terms of this Agreement, the substantially prevailing party will be entitled to reasonable attorneys' fees, costs and expenses in addition to any other relief to which such prevailing party may be entitled.

9.5     Governing Law.  This Agreement will be governed by and construed in accordance with the laws of the State of California, excluding that body of law pertaining to conflict of laws.  Any legal action or proceeding arising under this Agreement will be brought exclusively in the

federal or state courts located in the Northern District of California and the parties hereby irrevocably consent to the personal jurisdiction and venue therein.

9.6   Severability.   If any provision of this Agreement is held invalid or unenforceable by a court of competent jurisdiction, the remaining provisions of the Agreement will remain in full force and effect, and the provision affected will be construed so as to be enforceable to the maximum extent permissible by law.

9.7   Notices.   All notices required or permitted under this Agreement will be in writing and delivered by confirmed facsimile transmission, by courier or overnight delivery service, or by certified mail, and in each instance will be deemed given upon receipt.   All notices will be sent to the addresses set forth above or to such other address as may be specified by either party to the other in accordance with this Section.

9.8   Entire Agreement.   This Agreement, together with the Statement of Work, constitutes the complete and exclusive understanding and agreement of the parties with respect to the subject matter hereof and supersedes all prior understandings and agreements, whether written or oral, with respect to the subject matter hereof.   This Agreement will not be strictly construed for or against a party merely because that party (or the party's legal representative) drafted the Agreement.   In the event of a conflict, the terms and conditions of this Agreement will take precedence over the terms and conditions of any Scope of Work.   Any waiver, modification or amendment of any provision of this Agreement will be effective only if in writing and signed by the parties hereto.

9.9   Waiver.   The waiver of any breach of any provision of this Agreement will not constitute a waiver of any subsequent breach of the same other provisions hereof.

9.10   Counterparts.   This Agreement may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

*Signature Page to Follow*

\*\*\*\*

IN WITNESS WHEREOF, the parties have signed this Agreement as of the Effective Date.

COMPANY: SCIenergy, Inc.          CONSULTANT:   RTJ, Inc.,
                                                 d/b/a RTJ Consultants


By: _____       By: _____

Name: Jeff Moran                  Name:  Tanya Blackburn

Title: Chief Financial Officer    Title:   President

By: _____

Name: Jeff Moran

Title: Chief Financial Officer


By: _____

Name:  Tanya Blackburn

Title:    President

EXHIBIT A

Statement of Work

This statement of work ("*Statement of Work*") is issued under and subject to all of the terms and conditions of the Consulting Agreement dated as of March 3, 2012 (the "*Agreement*") by and between SCIenergy, Inc. ("*Company*") and RTJ, Inc., doing business as RTJ Consultants ("*Consultant*").

1.      **Description of Services**

Provide the services as described below. Consultant acknowledges and agrees that prior to undertaking any significant new work on behalf of Company (i.e., any work outside of the normal day-to-day services provided by Company), Consultant will first obtain the written approval of Dave Weinerth.

<u>Services:</u>

Primary (RTJ--lead role)
Media relations (opportunistic with national media, develop strategy for segments media--CRE, Retail, Hospitality)
Public relations plan development
Media monitoring
Media/Press kit production
Special event planning
Press conference planning and expense
Press release writing and distribution strategy
Advertising (negotiate purchases & design)
Sponsorships (negotiation, management)
Social media strategy and management
External print and e-messaging campaigns (6-8, incl. design/copy); support to Sales Operations & Account Mgmt as needed
Customer Surveys (~4-6; design/management; coord with acct mgmt)
Events (Greenbuild, User conference, BOMA, GovEnergy)
Trade show/Exhibit (select exhibits and/or sidebars: assume BOMA Int'l, EEI(2), Greenbuild, GovEnergy, ASHRAE)
Collateral design/edit/production
Website design/production
Web management (SCIenergy, SCIelements, SCIenergypresents, MySCIenergycoach, Fifth Fuel Management [not sure if this will remain])
Analytics
Case study design/edit/production
Email (tbd)/newsletter template design (for internal communications)
Webinars (~4, ideally through other parties, not self-produced)
Video (2) production (corp/5th fuel,   iRCx/SCIenergy cloud)
Web-demo (coord with prod mgmt)
Creative Direction
Copy Writing/Editing
Brand Management


Secondary (Support/Advise)
Contact database
Tradeshow/Exhibit coordination    - communication (for remaining shows; booth design)

Affiliate Marketing (strategy)
Budget (development, management/tracking)

2.   **Term**

From the Effective Date until December 31, 2012.

3.   **Payment Terms**

Consulting fees will consist of (i) a monthly retainer of Twenty-Five Thousand Dollars ($25,000.00), and (ii) all reasonable expenses as set forth below.

Expenses:
Consultant will be reimbursed for reasonable out-of-pocket expenses incurred in connection with Consultant services under this proposal. Eligible reimbursable expenses include: travel and lodging expenses including meals; mass printing, mass photocopying, shipping, express mailing, teleconferences; or any other extraordinary administrative support costs associated directly with this assignment.

4.   **Third-Party Vendors**

Upon the request of Company, Consultant will liaise with other vendors associated with Company. Company is responsible for payment to RTJ for these pre-approved vendors.

5.   **Accreditation**

Consultant and its artistic designer retain the right to publish and display the materials it authored, created, or produced, in its portfolios and websites, design periodicals and other media outlets for the purposes of recognition for creative excellence or professional advancement.   Either party, subject to Company's written approval, may describe its role in relation to the materials authored, created or produced and, if applicable, the services provided to the other party on its website and in other promotional materials, and, if not expressly objected to, include a link to the other party's website.

AGREED AS OF: March 3, 2012

**COMPANY: SCIenergy, Inc.**                    **CONSULTANT: RTJ, Inc.,**
                                                      **d/b/a RTJ Consultants**


By: _____          By: _____

Name:   Jeff Moran                          Name:   Tanya Blackburn

Title:   Chief Financial Officer            Title:   President

Budget (development, management/tracking)

2.   **Term**

From the Effective Date until December 31, 2012.

3.   **Payment Terms**

Consulting fees will consist of (i) a monthly retainer of Twenty-Five Thousand Dollars ($25,000.00), and (ii) all reasonable expenses as set forth below.

Expenses:
Consultant will be reimbursed for reasonable out-of-pocket expenses incurred in connection with Consultant services under this proposal. Eligible reimbursable expenses include: travel and lodging expenses including meals; mass printing, mass photocopying, shipping, express mailing, teleconferences; or any other extraordinary administrative support costs associated directly with this assignment.

4.   **Third-Party Vendors**

Upon the request of Company, Consultant will liaise with other vendors associated with Company. Company is responsible for payment to RTJ for these pre-approved vendors.

5.   **Accreditation**

Consultant and its artistic designer retain the right to publish and display the materials it authored, created, or produced, in its portfolios and websites, design periodicals and other media outlets for the purposes of recognition for creative excellence or professional advancement.     Either party, subject to Company's written approval, may describe its role in relation to the materials authored, created or produced and, if applicable, the services provided to the other party on its website and in other promotional materials, and, if not expressly objected to, include a link to the other party's website.

AGREED AS OF: March 3, 2012

**COMPANY: SCIenergy, Inc.**

By: _____

Name:   Jeff Moran

Title:   Chief Financial Officer

**CONSULTANT: RTJ, Inc.,**
**d/b/a RTJ Consultants**

By: _____

Name:   Tanya Blackburn

Title:   President

Case 4:12-cv-05838-DMR   Document 1   Filed 11/14/12   Page 21 of 30

Case 4:12-cv-05838-DMR   Document 1   Filed 11/14/12   Page 21 of 30

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:　　　　　　　　FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

　STREET ADDRESS:

　MAILING ADDRESS:

　CITY AND ZIP CODE:

　BRANCH NAME:

　PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE** <br>(Amount demanded (Amount demanded is $25,000 <br>exceeds $25,000) or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:　　　　　　　　　Time:　　　　　　　Dept.:　　　　　　　Div.:　　　　　Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*.
    a. ☐ This statement is submitted by party *(name)*:
    b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a. The complaint was filed on *(date)*:
    b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served *(specify names and explain why not)*:

        (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

        (3) ☐ have had a default entered against them *(specify names)*:

    c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which
they may be served)*:

4. **Description of case**
    a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date)*:
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a   ☐   days *(specify number)*:
b.   ☐   hours (short causes) *(specify)*:

8   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                  f.   Fax number:
e.   E-mail address:                                       g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section)*:

10.   **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has   ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: | |

11. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:


12. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

13. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

14. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:


15. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:


16. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |




   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▷ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1  Robert M. Bodzin, State Bar No. 201327
   BURNHAM BROWN
2  A Professional Law Corporation
   P.O. Box 119
3  Oakland, California 94604
   ---
4  1901 Harrison Street, 14th Floor
   Oakland, California  94612
5  Telephone:     (510) 444-6800
   Facsimile:     (510) 835-6666
6
   Attorneys for Defendant
7  SCIenergy, Inc.

8

9

10          SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

11                            UNLIMITED JURISDICTION

12  RTJ, INC.,                          | No.  CGC 12-525060

13              Plaintiff,              | **DEFENDANT SCIENERGY, INC.'S**
                                        | **ANSWER TO PLAINTIFF'S**
14  v.                                  | **COMPLAINT**

15  SCIenergy, Inc. and DOES 1-50, inclusive,  | Complaint filed:   October 10, 2012

16              Defendants.

17

18          Defendant SCIenergy, Inc. ("Defendant"), answering the complaint of Plaintiff RTJ,

19  INC. ("Plaintiff"), denies generally and specifically, each and every, all and singular, the

20  allegations of said complaint for damages and each cause of action thereof, and deny that

21  Plaintiff has been damaged in any sum or sums, or at all.

22                            **AFFIRMATIVE DEFENSES**

23          As a first affirmative defense to each cause of action of the Complaint, the Complaint

24  fails to state facts sufficient to constitute a cause of action against this answering Defendant.

25          As a second affirmative defense to each cause of action of the Complaint, Plaintiff has

26  waived and/or is estopped from alleging the matters set forth against this answering Defendant.

27          As a third affirmative defense to each cause of action of the Complaint, Plaintiff

28  acknowledged, ratified, consented to or acquiesced in the alleged acts or omissions, if any, of

                                          1
DEF. SCIenergy, Inc.'s ANSWER TO PLAINTIFF'S COMPLAINT          NO. CGC12-525060

1  this Defendant, thereby barring Plaintiff's recovery.

2      As a fourth affirmative defense to each cause of action of the Complaint, Plaintiff's

3  Complaint, and each cause of action contained therein, is barred by the doctrine of unclean

4  hands.

5      As a fifth affirmative defense to each cause of action of the Complaint, Plaintiff's

6  Complaint, and each cause of action contained therein, is barred because Plaintiff prevented

7  and/or refused to allow Defendant to complete its performance, and this action is therefore

8  barred by the provisions of California Civil Code sections 1512, 1514 and 1515.

9      As a sixth affirmative defense to each cause of action of the Complaint, Plaintiff's

10  Complaint, and each cause of action contained therein, is barred by the doctrine of equitable

11  estoppel.

12      As a seventh affirmative defense to each cause of action of the Complaint, the damages

13  allegedly sustained by Plaintiff, if any, were caused in whole or in part by the Plaintiff's own

14  willful misconduct for which this Defendant is neither responsible nor liable.

15      As an eighth affirmative defense to each cause of action of the Complaint asserted

16  against this answering Defendant, Plaintiff failed to mitigate its damages.

17      As a ninth affirmative defense to each cause of action of the Complaint, Plaintiff's

18  Complaint, and each cause of action contained therein, is barred in all and/or in part, because

19  Plaintiff breached its contractual obligations to Defendant by failing to perform in accordance

20  with the terms thereof.

21      As a tenth affirmative defense to each cause of action of the Complaint, Plaintiff's

22  Complaint, and each cause of action therein, is barred because this Defendant owes no duty to

23  Plaintiff.

24      As an eleventh affirmative defense to each cause of action of the Complaint, this

25  Defendant presently has insufficient knowledge or information on which to form a belief as to

26  whether there may be additional, as-yet unstated defenses available, and Defendant therefore

27  reserves the right herein to assert additional defenses in the event discovery indicates that they

28  would be appropriate.

WHEREFORE, this answering Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by reason of its Complaint on file herein;

2.     For reasonable costs and expenses of suit and to enforce the Agreement with Plaintiff and reasonable attorneys fees incurred herein;

3.     For such other and further relief as the Court deems just and proper.

DATED: November 14, 2012

BURNHAM BROWN

ROBERT M. BODZIN
Attorneys for Defendant
SCIenergy, Inc.

4827-3658-9585, v. 1

DEF. SCIenergy, Inc.'s ANSWER TO PLAINTIFF'S COMPLAINT          NO. CGC12-525060

Re:        RTJ, Inc. v. SCIenergy, Inc., et al.
Court:     San Francisco County Superior Court
Action No: CGC 12-525060

## PROOF OF SERVICE

I declare that I am over the age of 18, not a party to the above-entitled action, and am an employee of Burnham Brown whose business address is 1901 Harrison Street, 14th Floor, Oakland, Alameda County, California 94612 (mailing address: Post Office Box 119, Oakland, California 94604).

On November 14, 2012, I served the following document(s) in the following manner(s):

DEFENDANT SCIENERGY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

☒    **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon on the date and place shown below following ordinary business practice. I am familiar with this business' practice for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Charles M. Standard                                    Counsel for Plaintiff
LAW OFFICE OF CHARLES M. STANDARD                      RTJ, INC.
152 N. Third Street, Suite 700
San Jose, CA 95112
Telephone:    (408) 796-9616
Fax:          (408) 286-0337

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATE:        November 14, 2012

_____
Sara Bloodgood

4846-8884-8657, v. 1

PROOF OF SERVICE                           CASE NO. CGC 12-525060CGC-12-525060